Anita Murrell, Director Arkansas Building Authority 501 Woodlane, Ste. 600 Little Rock, Arkansas 72201
Dear Ms. Murrell:
I am writing in response to your request, made pursuant to A.C.A. §25-19-105(c)(3)(B), for my opinion on whether withholding certain records relating to the employees of the Arkansas Building Authority (the "ABA") would be consistent with the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. § 25-19-101 through -109 (Repl. 1996 Supp. 2003). Specifically, the Arkansas Democrat-Gazette has requested that you provide documentation disclosing 1) ". . . the names of employees who have access to the Arkansas State Crime Laboratory, including but not limited to cleaning and maintenance staff;" and 2) "the names of employees who have had access to the [Arkansas State Crime Laboratory] and have been terminated, reassigned, disciplined or who quit back to 1998 along with documentation explaining the reason for the termination reassignment, discipline or resignation." You have provided me with certain records that you deem responsive to this request. For purposes of this opinion, I will assume that you possess no other records that might arguably fall within the category of documents requested.[1] You report having concluded that the records you have provided are exempt from disclosure pursuant to A.C.A. § 25-19-105(c)(1) (Supp. 2003) because there has not been a "final administrative resolution" under that subsection.
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) (Supp. 2003) is to determine whether a custodian's decision regarding the disclosure of requested documents is consistent with the FOIA. The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2003). Given that the subject of the request was a state employee, I believe documents containing the requested information clearly qualify as "public records" under this definition.
In your request, you characterize the documents you have provided me as "job performance records." The FOIA expressly exempts from disclosure under specified circumstances what it terms "employee evaluation/job performance records." A.C.A. § 25-19-105(c)(1). As I noted in Ark. Op. Att'y Gen. No. 2003-078:
 With regard to the separate exemption for "employee evaluation/job performance records," although the FOIA does not define this phrase, this office has previously opined that it encompasses, generally, records relating to an employee's performance or lack of performance on the job. See, e.g., Op. Att'y Gen. 2001-055. It includes, in my opinion, records that were generated as part of an investigation of allegations of the misconduct of an employee, and that detail incidents that gave rise to an allegation of misconduct. See, e.g., Op. Att'y Gen. 2001-063 (Internal Affairs file that was generated at the instance of the Department in the course of investigating a complaint against an employee constitutes "employee evaluation/job performance records" within the meaning of the FOIA).
I have reviewed the documents you have provided and concur that they clearly qualify as employee evaluation/job performance records.
The standard for the release of employee evaluation/job performance records is set forth at A.C.A. § 25-19-105(c)(1). Specifically, such records are subject to disclosure only under the following three conditions:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
In the present case, assuming you are correct in representing that there has been no final administrative resolution of the matters referenced in the documents you have produced, there is no need to proceed beyond the first of these three necessary conditions. Again, assuming the procedural posture is as you have represented, I agree that these records are not subject to disclosure.
However, I have some reason to question this assumption, since the incident that qualifies the records as falling within the scope of the Democrat-Gazette's request occurred over a year ago, raising the question of whether the time to pursue any administrative resolution has passed. Only a finder of fact acquainted with all of the pertinent circumstances, including any appeals deadlines the ABA may have adopted, will be able to answer this question.
With respect to what might qualify as a "final administrative resolution," I agree with the following summary by one of my predecessors in Ark. Op. Att'y Gen. No. 2002-158:
 The requirement of a "final administrative resolution" of a suspension (or termination) is intended to allow time for the employee to appeal the employer's decision to suspend (or terminate). Watkins, The Arkansas Freedom of Information Act (3rd Ed., 1998), at 144-45. If the employee appeals the decision administratively, that employee's evaluation/job performance records cannot be released unless and until an administrative decision upholding the suspension (or termination) has been rendered. A "final administrative resolution" has occurred when the decision to suspend (or terminate) has been upheld, or when the time for appeal has passed. At that time, there has been a "final administrative resolution" of the suspension (or termination). See Ops. Att'y Gen. Nos. 99-361; 99-359; 98-006; Watkins, supra.
In the most recent edition of his treatise, Watkins and his co-author offer the following summary of what constitutes a "final administrative resolution":
 Records are . . . exempt if the employee has administrative remedies available or if a decision to suspend or terminate him has been overturned. The term "final administrative resolution" refers to the final decision-making step taken by the employing entity, regardless of the bureaucratic level at which the decision is made. For example, in some cases the matter might be resolved by a department head, while in others the employee may decide to seek review by the top agency official or, in the case of police officers by a city civil service commission. If no such review is sought, however, the initial decision is "final" for purposes of this provision. Moreover, the use of the term "proceeding" (as opposed to "hearing") suggests that the finality requirement is satisfied when a decision is reached short of the stage where full-blown hearing procedures are employed. Thus, if an agency and employee reach an understanding whereby the employee agrees to accept a suspension and chooses not to exercise his right to a hearing, the matter is final.
J. Watkins and R. Pelz, The Arkansas Freedom of Information Act (m m Press: 4th ed. 2004), at 202-03 (footnotes omitted). As custodian of records, you will need to apply this standard to determine whether there has been a final administrative resolution in this instance.
In the event you reconsider your position regarding the "final administrative resolution" issue, you will need to apply the final two prongs of the test for disclosability set forth at A.C.A. §25-19-105(c)(1). With respect to the second prong, having reviewed the documents, I can opine that they clearly formed a basis for ABA's actions regarding the employee. Accordingly, I believe this prong has been met.
The FOIA at no point defines the phrase "compelling public interest" as used in the final prong of the test for disclosure set forth in A.C.A. §25-19-105(c)(1). However, Professors Watkins and Pelz, referring to Attorney General Opinions on this issue, offer the following guidelines:
 . . . [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Watkins Pelz, supra at 207 (footnotes omitted).
The documents you have supplied me refer to two incidents of alleged misconduct by a lower-level ABA employee. I cannot tell whether a "compelling public interest" exists in disclosing the documents without knowing the context that gave rise to the ABA's action. It is possible that one of the alleged infractions might rise to the level of sparking a "compelling public interest" under the standard recited above. However, as the custodian of records, if you reach this third prong in your analysis, you should review all the available facts as a basis for making this determination.
Finally, I note that one of the documents you have produced lists an employee's home address and social security number. The home addresses of nonelected state employees are exempt from disclosure pursuant to A.C.A. § 25-19-105(b)(13) (Supp. 2003). Social security numbers are likewise exempt pursuant to 5 U.S.C. § 522a (the "Federal Privacy Act"); see also Ark. Op. Att'y Gen. No. 2003-320. Should you determine that the documents you have produced are subject to disclosure, you should redact this information before producing them.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] You have asked my opinion as to whether the custodian's decision to withhold the documents you enclose is consistent with the FOIA. You have not asked my opinion with regard to the first part of the Democrat-Gazette's request involving names of ABA employees, nor have you indicated what the custodian's decision is in that regard. I will note that the names of public employees are generally open to public inspection and copying. See Op. Att'y Gen. 2004-255, citing Op. 2002-087.